UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LARRY ROSS,                                    ORDER
                                               03 CV 3867 (GBD)(KNF)
                     Petitioner,

        -against-

SUPERINTENDENT J. BURGE,

                     Respondent.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

   *Pro se* petitioner filed a writ of habeas corpus challenging his conviction, upon a jury verdict, in the Supreme Court, Bronx County, rendered on February 29, 1996, for murder in the second degree, three counts of robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree.

   The matter was referred to Magistrate Judge Kevin N. Fox for a Report and Recommendation ("Report"). Magistrate Judge Fox recommended that petitioner's application, seeking leave to amend, be denied as untimely. He further recommended that the petition be dismissed. The claims were either procedurally barred, or the state court's adjudication on the merits was not contrary to or involved an unreasonable application of clearly established federal law. None of petitioner's claims merit habeas corpus relief.

   In his Report, Magistrate Judge Fox informed the parties of their right to submit objections to the Report and advised them that failure to file timely objections to the Report would constitute a waiver of those objections. Petitioner filed objections. Since plaintiff is proceeding *pro se*, his objections, as well as his other pleadings, are to be liberally construed and interpreted to raise the strongest argument they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins,

14 F.3d 787, 790 (2d Cir. 1994)).  His objections generally restate the original grounds for his petition.  Additionally, he argues that "under the particular circumstances of this case," an evidentiary hearing is necessary to develop a fuller factual record to determine whether the prosecution had made a secret plea agreement with a witness, and whether the affirmance of his conviction involved an unreasonable determination of the facts.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made.  Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  See, Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(c).  When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record."  Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

This Court finds that, as to the portions of the Report to which there were no objections, the record is not facially erroneous.  The Court has examined petitioner's various objections and find them all to be without merit. Petitioner's application for leave to amend, to add claims premised on the alleged ineffective assistance of appellate counsel, is denied.  The proposed claims are untimely, and do not relate back to the filing date of the original petition.  Petitioner's claim that his due process rights were violated, as a result of an in-court identification, is procedurally barred.  Review of his remaining claims is also precluded because they were adjudicated on their merits in state courts, and petitioner has failed to identify that the state court

decisions were either an unreasonable determination of the facts, or was contrary to or involved an unreasonable application of established federal law as determined by the Supreme Court. Moreover, an independent review by this Court of petitioner's claims of error demonstrates that none have substantive merit. Petitioner's additional request for an evidentiary hearing is nothing more than a mere fishing expedition, and does not save the petition from dismissal.

Accordingly, Magistrate Judge Fox's recommendations are adopted. The writ is hereby denied and the petition is dismissed.

As the petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealabilty will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
March 31, 2008

SO ORDERED:

GEORGE B. DANIELS
United States District

3